## Keefer *v.* Keefer, Appellant.

*Principal and surety—Release of surety—Husband and wife—Nonsupport—Bond.*

The sureties on a bond given on May 7, 1901, for the term of one year for the support of the principal's wife and children, are liable on such bond for the portion of the year after July 1, 1901, although the court indorses on the bond a decree directing that a new bond be given before July 1, 1901, to comply with the order of the court which directed that payments should be made by the husband to his wife "until the further order of the court."

Argued March 13, 1905.    Appeal, No. 270, Oct. T., 1903, by defendant, from judgment of C. P. Blair Co., June T., 1902, No. 1, on verdict for plaintiff in case of Mrs. John B. Keefer v. Dr. John B. Keefer, Dr. W. B. Miller and W. H. Slep. Before RICE, P. J., ORLADY, SMITH and HENDERSON, JJ. Affirmed.

Assumpsit on a bond of suretyship.    Before BELL, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $388.21.    Defendants appealed.

256, (1905).]    Assignment of Error—Opinion of the Court.

*Error assigned* was in refusing binding instructions for defendant.

*A. V. Dively*, of Dively & Dively, for appellants.

*Thomas H. Greevy*, for appellee.

OPINION BY ORLADY, J., July 13, 1905:

Dr. John B. Keefer was prosecuted in the court of quarter sessions of Blair county, on a charge of non-support and desertion, and found guilty on May 7, 1901, when he was sentenced to pay the costs of the case, pay his wife, the prosecutrix, the sum of $45.00 per month, and to give bond in the sum of $600., with at least two sureties, to be approved by the court, conditioned for his compliance with the sentence. The first payment, for the month of May, to be made May 20, 1901. On the same day the defendant, with W. B. Miller and W. H. Slep, as sureties filed their bond, but, it not being in strict accordance with the terms of the sentence imposed, the following order was indorsed thereon: "Now, this bond approved for the present, but as it is limited to a period of one year, while the sentence was until further order of the court, the defendant must, before July 1, 1901, file a new bond conditioned to pay this $45.00 per month, until further order of the court."    .

The defendant made payment to his wife for five months and then left the jurisdiction of the court, since which time no payments have been made. This suit was brought against the sureties to recover for the seven months in which John B. Keefer was in default, and on the trial the verdict was directed in favor of the plaintiff, for the seven months' payment in arrears, and average interest on the payments to the end of the first year.

The appellant's contention is that the order of the court requiring that a new bond should be filed before July 1, 1901, relieved the sureties from liability after that date. On the trial the sureties testified that when they signed the bond it was their several understanding that they were to be liable for but one year, as provided in the condition of the bond which they signed, and no sufficient reason has been given to change their liability in regard to time.

The order, of which they complain, did not in any way affect their liability for the term they assumed to be surety for John B. Keefer. The bond was approved absolutely, as to them, for the one year, and resulted in securing the release of their friend from custody. The requiring that a new bond should be filed until the further order of the court, was no more than additional security to that already tendered by these sureties, and in holding them to the exact measure of their offer, the court did not commit error.

The judgment is affirmed.